IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. FENTON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-1692-RGA |
| DAVID HENDERSON and the<br>DELAWARE BOARD OF PAROLE, | : |
| Defendants. | : |

James R. Fenton, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

August 10, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff James R. Fenton, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.*, alleging disability discrimination during the parole process. (D.I. 1). He appears *pro se* and was granted leave to proceed *in forma pauperis.* Before the Court are Plaintiff's motion for default judgment and motion to compel and Defendants' motion to dismiss. (D.I. 18, 19, 26). Briefing on the motion to dismiss is complete.

## I. BACKGROUND

Plaintiff has been an inmate at the JTVCC since July 20, 1984. (D.I. 1 at 2). He "was sentenced to two 3 year sentences for the rapes [he] committed and life as an accomplice to the rape [his] co-defendant committed." (*Id.*). Plaintiff has been eligible for parole since July 20, 2004. (*Id.*). He takes medication for schizophrenia and as long as he is given the medication he has no disciplinary problems and has had none in over four years. (*Id.*). His assessments and recommendations from mental health are positive. (*Id.*). The Classification Board has recommended Plaintiff for parole three times. (*Id.*).

On September 14, 2017, the Parole Board recommended that Plaintiff work with his counselor and Connections to develop a plan designed to provide Plaintiff an appropriate transition to the community that contained long-term housing options and mental health treatment. (D.I. 1 at 1; D. 1-1 at 1). Plaintiff fulfilled the request and, on December 19, 2018, Henderson, the Chairperson of the Parole Board, wrote and

1

requested an extensive mental health evaluation and an ABEL assessment.[1]  (D.I. 1 at 1-2).  Plaintiff completed the ABEL assessment, but, on June 11, 2019, he was denied parole, and the Parole Board recommended that Plaintiff "work with [his] counselor to develop a plan for continued mental health programming/counseling and victim empathy programs."  (D.I. 1-1 at 3; D.I. 1 at 2).  Plaintiff was advised that was eligible to reapply for parole consideration at any time after the expiration of forty-eight months; that is June 2023.  (D.I. 1-1 at 3).  Plaintiff alleges that the Parole Board intentionally denied him parole in violation of the ADA due to his schizophrenia.  (D.I. 1 at 2).

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the claims against the Board of Parole are barred by the Eleventh Amendment, the Complaint fails to plead a plausible disability discrimination claim, and Plaintiff never successfully challenged his continued detention in state court or by federal habeas.  (D.I. 27)

## II.   LEGAL STANDARDS.

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.

---

[1] The ABEL assessment is a clinical tool for evaluation and treatment assessment for use with adult men with sexual behavior problems.  See https://abelscreening.com/history/ (last visited Aug. 9, 2021).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 545. Factual allegations do not have to be detailed, but must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id*.

Moreover, there must be enough factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. DISCUSSION

### A. Immunity

Defendants argue that the claims against the Board are barred by the Eleventh Amendment. Title II of the ADA validly abrogates sovereign immunity as to state conduct that actually violates the Constitution. *See United States v. Georgia*, 546 U.S. 151, 159 (2006). To determine whether a plaintiff may sue a State for damages under Title II, a Court must: "(1) identify which aspects of the State's alleged conduct violated Title II; (2) identify to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, determine whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 553 (3d Cir. 2007). This District has

3

previously determined that the Delaware Board of Parole is not entitled to sovereign immunity from a lawsuit implicating the right of disabled inmate. *See White v. Delaware Bd. of Parole*, 2012 WL 2126920, at *4 (D. Del. June 8, 2012).

Here, the Complaint alleges that the Board violated Title II of the ADA when it denied Plaintiff parole on the basis of his schizophrenia. Although there is no constitutional right to parole, *see Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), "once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Favorably construing the Complaint to the *pro se* Plaintiff, he has alleged a violation of that right. Finally, Plaintiff seeks relief under Title II for what he alleges was the Board's improper reliance on his schizophrenia in denying him parole. Accordingly, the Court finds that providing this avenue to relief constitutes a valid exercise of Congress' authority to enforce the constitutional right at issue and the Eleventh Amendment does not bar Plaintiff's ADA claim. Therefore, this aspect of the motion to dismiss will be denied.

**B. ADA**

Defendants next argue that Plaintiff has failed to plead a plausible claim of disability discrimination. In Defendants' view, the claim is insufficiently pled as the ADA claim rests upon the bald assertion, without factual support, that the Board discriminated again Plaintiff on the basis of schizophrenia.

4

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff's allegations that he has schizophrenia bring him within the definition of an individual with a disability. In addition, the Complaint pleads enough facts to show that Plaintiff was otherwise qualified for parole, having been eligible since 2004, recommended for parole three time by the Classification Board, and completed a transition plan as requested by the Board.

Both times when the Board denied Plaintiff parole, it recommended that Plaintiff work with his counselor and Connections to develop a transition plan for mental health treatment/programming/counseling. (D.I. 1-1 at 1, 3). While the denial decisions do not expressly state that the Board based the denials on schizophrenia, that point is not dispositive at the pleading stage. *See Taylor v. Henderson*, 632 F. App'x 70, 75 (3d Cir. 2015) (citing and quoting *Thompson v. Davis*, 295 F.3d 890, 896 n.3 (9th Cir. 2002) "('[W]hile the 1999 Board decision does not disclose the Board's reliance on Thompson's history of substance abuse, the decision does not affirmatively prove that the Board did not' rely on it.)." Indeed, the 2017 and 2019 Board decisions suggest that the Board may have considered Plaintiff's schizophrenia given that both recommend Plaintiff, with his counselor, develop mental health treatment/programming/counseling plans. *Id.*

At this juncture, Plaintiff has adequately alleged an ADA claim. Defendant's motion to dismiss will be denied.

5

### C.     Damages Claim

Defendants contend that Plaintiff's damages claim is barred because Plaintiff did not successfully challenge his continued detention in state court of by federal custody. The Complaint does not seek compensatory damages and Plaintiff acknowledged that he does not seek damages "at this time." (*See* D.I. 31 at 9).[2] Defendants' motion to dismiss on this ground will be dismissed as moot.

## IV.     MISCELLANEOUS MOTIONS

Plaintiff's motion for default judgment (D.I. 18) will be dismissed as premature as the Clerk of Court did not enter any party's default. *See* Fed. R. Civ. P. 55(a), (b).

Plaintiff's motion to compel (D.I. 19) will also be dismissed as premature since the Court has not yet entered a scheduling and discovery order with appropriate deadlines.

## V.     CONCLUSION

Based upon the above discussion, the Court will: (1) dismiss as premature Plaintiff's motion for default judgment and motion to compel (D.I. 18, 19); and (2) deny-in-part and dismiss-in-part as moot Defendants' motion to dismiss (D.I. 26).

An appropriate Order will be entered.

---

[2] I note that since I am relying upon this representation, Plaintiff will not be permitted later to seek damages for what has already occurred.